UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| CHRIS CONWAY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CASE NO. 1:15-CV-1614 |
| | ) |
| COOK MEDICAL, LLC, | ) |
| | ) |
| Defendant. | ) |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

**I.  NATURE OF THE CASE**

1. This is an employment discrimination action brought by Plaintiff Chris Conway ("Conway" and/or "Plaintiff"), against Defendant Cook Medical, LLC ("Defendant" or "Cook"), for unlawfully discriminating and retaliating against him on the basis of his disability, in violation of the Americans With Disabilities Act ("ADA"), 42 U.S.C. §12101 *et seq.*, as amended.

**II.  PARTIES**

2. Conway is a citizen of the United States. At all time relevant to this lawsuit Conway has resided within the geographic boundaries of the Southern District of Indiana.

3. Defendant is an Indiana limited liability company. At all times relevant to this action Cook has maintained facilities and conducted business in Bloomington, Indiana, within the geographic boundaries of the Southern District of Indiana. The claims Conway asserts against Defendant arose within the geographic boundaries of the Southern District of Indiana.

**III. JURISDICTION AND VENUE**

4. This Court has jurisdiction over the subject matter of this case pursuant to 28 U.S.C. § 1331 and 42 U.S.C. §12117.

5. Defendant is an "employer" as defined by the ADA, 42 U.S.C. § 12111(5)(A), as amended.

6. Conway is an "employee" as defined by the ADA, 42 U.S.C. § 12111(4).

7. Conway satisfied his obligation to exhaust his administrative remedies, having timely filed EEOC Charge No. 470-2015-00541 alleging disability discrimination and retaliation, receiving the appropriate Notice of Right to Sue letter dated July 28, 2015, and timely filing this action less than ninety days following his receipt of said notice.

8. All events, transactions, and occurrences concerning this case have arisen within the geographical boundaries of the Southern District of Indiana, and therefore, venue is proper in this Court.

## IV. FACTUAL ALLEGATIONS

9. Conway began his employment with Cook on June 10, 2012, as an Assembler.

10. At all times relevant to this action, Conway met or exceeded Cook's legitimate job performance expectations.

11. Conway has suffered from Post-Traumatic Stress Disorder ("PTSD") since his father's suicide in 2010.

12. In 2014, Conway began a new position, as a Support Services Technician ("SST"), in Cook's IT Department.

13. Upon being assigned to the new position, Conway informed his immediate supervisor of his disability. He also informed Cook's HR department, and various other managers and officers of the company.

14. One of Conway's job responsibilities in the position was to field calls for emergency computer assistance from Cook's internal employees and outside sales representatives.

15. Although other SSTs were assigned other duties, in addition to fielding calls for assistance, Conway's work was confined almost exclusively to answering such calls, the majority of which were high-stress calls from frustrated and/or angry clients.

16. As a result, Conway's physician told Conway that he needed to limit his time dealing with such calls to 1.5 hours per day.

17. Conway requested a reasonable accommodation from Cook, either by being assigned other duties for the the remainder of his work day schedule, or transfer to a different position within the company.

18. While Conway applied for multiple other positions within Cook, for all of which he was qualified, he was told that it was Cook's policy that no one could transfer until the person had been in their current job for at least a year.

19. In July 2014, Conway filed a complaint with the Department of Justice concerning Cook's failure to provide a reasonable accommodation, and informed Cook that he had done so.

20. In response, Conway was told that he would be limited to working only 1.5 hours per day.

21. As a result of the decrease in hours, Conway was forced to quit his job with Cook. His last day of employment was September 4, 2014.

## V.  LEGAL ALLEGATIONS

### Count 1: Disability Discrimination in Violation of the ADA

22. Conway incorporates the allegations in rhetorical paragraphs one (1) through twenty-one (21) of this Complaint as though fully set forth herein.

23. Conway's PTSD is a disability as that term is defined by the Americans With Disabilities Act.

24. Cook refused to provide Conway a reasonable accommodation for his disability, and/or refused to engage in an interactive process to identify a reasonable accommodation.

25. Cook unlawfully discriminated against Conway because of his disability by subjecting him to terms and conditions of employment that were less favorable than those enjoyed by similarly situated employees who did not have disabilities, including but not limited to allowing Conway to perform other duties in addition to answering calls for support.

26. Cook's actions violate the ADA, 42 U.S.C. §12101 *et. seq.*, as amended.

27. Cook's unlawful actions were willful, intentional, and done with reckless disregard for Conway's federally protected civil rights.

28. Conway has suffered, and continues to suffer, harm as a result of Cook's unlawful actions.

### Count 2: Retaliation

29. Conway incorporates the allegations in rhetorical paragraphs one (1) through twenty-eight (28) of this Complaint as though fully set forth herein.

30. Conway's complaint to the Department of Justice concerning Cook's actions constituted protected activity.

31. Cook reduced Conway's employment to 1.5 hours per day in retaliation for engaging in protected activity.

32. As a result of Cook's action, Conway was forced to quit his job and was thus constructively discharged by Cook in retaliation for engaging in protected activity.

33. Cook's unlawful actions were intentional, wilful, and done in reckless disregard of Conway's rights under the ADA.

34. Conway has suffered, and continues to suffer, harm as a result of Cook's violation of

the ADA.

## VI. RELIEF

**WHEREFORE,** Conway respectfully prays that the Court find in his favor and provide the following relief:

1) That Cook be ordered immediately to reinstate Conway to the position he would have held absent Cook's unlawful discrimination, or to pay Conway front pay in lieu thereof;

2) That Cook be ordered to pay Conway's lost wages and benefits incurred as a result of its violation of his civil rights;

3) That Cook be ordered to pay to Conway appropriate liquidated, and/or compensatory damages for its violations of the ADA;

4) That Cook be ordered to pay prejudgment and postjudgment interest on all sums recoverable;

5) That Cook be ordered to pay Conway's reasonable attorney fees and costs; and

6) That Cook be ordered to provide Conway with all other relief that is just and proper.

## VII. DEMAND FOR TRIAL BY JURY

The Plaintiff, Chris Conway, by counsel, requests a trial by jury on all issues so triable.

Respectfully submitted,

_s/ Jay Meisenhelder_
Jay Meisenhelder, Atty. No. 19996-49
Employment & Civil Rights Legal Services, P.C.
8206 Rockville Road, Box 322
Indianapolis, IN 46214
Office Telephone:   317/704-2414
Facsimile Number:  317/282-0530
Email Address:     jaym@ecrls.com